[Crim. No. 11506.   Second Dist., Div. One.   June 28, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. RICHARD ANTHONY VALDEZ, Defendant and Appellant.

126

Frank Duncan for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Marvin A. Bauer, Deputy Attorney General, for Plaintiff and Respondent.

WOOD, P. J.—In a nonjury trial the defendant was adjudged guilty of burglary of the second degree. He appeals from the judgment.

Appellant contends that there was no probable cause for arresting or searching him, and that the court erred in receiving in evidence certain articles which allegedly were obtained from him by illegal arrest and search.

Burglary was committed at the office of Mr. Avery, at 936 Huntington Drive in San Marino, sometime after he left his office on the evening of February 24, 1965, and before he returned there on the morning of February 25, 1965, and various articles, including draperies, a silver dollar, and keys, were stolen from the office.

On February 25, 1965, about 12:30 a.m., while uniformed Officer Kaupp was traveling westerly in a patrol car on Hungtington Drive in San Marino, he saw a man, who was carrying a large bundle, running westerly on the sidewalk on that street. The officer drove to the next street intersection, turned his car around the divider (space in middle of street

dividing the roadways for westbound and eastbound traffic), and returned to the man (the defendant), who then was walking (instead of running). In answer to questions as to why he was running and what he was doing in that location, the defendant said that he had been on a bus on the way to his home in Los Angeles and he had gotten off the bus by mistake because he thought that area was his home neighborhood, and he was running to the next bus stop because he had observed what appeared to be an approaching bus—a vehicle with numerous yellow lights on the roof. The officer, who had just travelled in the area where the defendant indicated he had seen that vehicle, told the man that he (officer) had not seen such a vehicle. He saw two passenger automobiles, but he did not see any other pedestrian in that area at that time. The defendant identified himself with a driver's license which showed his address as 3116 Pueblo Street, Los Angeles. When the officer asked about the large bundle which the defendant was carrying, he said that it was drapery material that had belonged to his sister, that he had had it cleaned, and he was returning it to her. The defendant had a set of keys in his hand and he slipped them into his pocket, when the officer was first approaching him. The drapery material, which the defendant had in his arms, was ''rolled in a roll,'' and the officer asked whether anything was rolled in the material. He replied, ''No.'' When the officer asked the defendant whether he would open the roll, he replied in the affirmative, and then unrolled the material on the parkway. There were two stockings (men's) in the material, and the defendant said that they were his and he had them cleaned at the time the material was cleaned. The officer, having observed that the draperies appeared to be wrinkled and not in clean condition, asked about that condition of the draperies, and referred to defendant's statement that ''he had just had them cleaned.'' He replied that the drier for the machine had not done a good job. The officer said that he was not satisfied with defendant's answers and that he was going to transport him to the San Marino police station for further investigation. Then the officer handcuffed him and took him to the police station. At the station the officer searched him and found in his pocket a ''1902'' silver dollar (Exhibit 1) and a set of keys (Exhibit 2), and also some other keys. On the north side of Huntington Drive, in the area where the officer apprehended the defendant, there is a large residential area in which there are expensive homes. On the south side of that street, there are commer-

cial buildings. Mr. Avery's office, which was burglarized, is on the south side of the street and about half a block from the scene of the arrest.

The officer did not have a search warrant or warrant of arrest. He did not advise the defendant of his constitutional rights.

Mr. Avery, as a witness, identified the draperies (Exhibit 3), the silver dollar (Exhibit 1), and the set of keys (Exhibit 2) as some of his property which was stolen from his office.

The defendant did not testify, and did not call any witness in his behalf.

When the prosecution offered the silver dollar, keys, and draperies in evidence, the defendant objected thereto on the ground that they were obtained by illegal search in that the officer did not have probable cause for arresting him. The objection was overruled.

Appellant asserts that the crucial question is whether at the time of the arrest the officer had probable cause for making the arrest. ■ If the arrest was proper the search, which was incidental to the arrest, was legal. ■ "A peace officer may . . . arrest a person; . . . Whenever he has reasonable cause to believe that the person to be arrested has committed a felony, whether or not a felony has in fact been committed." (Pen. Code, § 836, subd. 3.) ■ "Probable cause for an arrest is shown if a man of ordinary caution or prudence would be led to believe and conscientiously entertain a strong suspicion of the guilt of the accused." (*People* v. *Fischer*, 49 Cal.2d 442, 446 [317 P.2d 967].) ■ In the present case, soon after midnight, while a uniformed police officer of the City of San Marino was traveling on Huntington Drive in an area where expensive residences were on the north side of the street and commercial buildings were on the other side of the street, he saw the defendant running on the north sidewalk and carrying a large bundle. After the officer had driven past the defendant, and while the officer was proceeding to and returning from the next street intersection, the defendant stopped running. As of the time the officer observed and talked with the defendant on the sidewalk, it would have been reasonable for the officer to conclude that defendant's explanation of his running and carrying a large bundle of draperies in such an area, at that late hour of the night, was false and indicative of consciousness of guilt of theft of the draperies. It is apparent that most of defendant's statements

in that explanation were false—such statements as: he had gotten off a bus by mistake because he thought the San Marino area was his home neighborhood on Pueblo Street in Los Angeles; he was running to catch a bus because he saw a vehicle, with yellow lights on its roof, which he thought was an approaching bus; he had had the draperies cleaned; the draperies were wrinkled and not clean because the drying machine had not done a good job: and nothing was rolled in the draperies (inspection at that time disclosed that stockings were therein). There was probable cause for the arrest. The search, which was incident to the arrest, was legal.

A further contention of appellant is that the evidence was not sufficient to support a finding that the allegations of prior convictions were true. Defendant had denied allegations of the information that he had been convicted previously of three felonies. No evidence was presented regarding those allegations. The minutes of June 19, 1965 (the date defendant was adjudged guilty) recite: ''The Court finds the priors to be true.'' Upon motion of the People the record on appeal has been augmented to include the file of the superior court and particularly a minute order therein which shows that on June 30, 1965, the superior court made a *nunc pro tunc* order striking from the minutes of June 19, 1965, the finding that the alleged priors were true. In view of said *nunc pro tunc* order, there is, of course, no finding of the trial court regarding the alleged prior convictions, and consequently there is no useful purpose to be served by referring further to this contention.

The judgment is affirmed.

Fourt, J., and Lillie, J., concurred.